# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC S. TESLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00640-TWP-MPB |
| | ) |
| MILLER/HOWARD INVESTMENTS, INC., | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

This matter is before the Court on Defendant Miller/Howard Investment Inc.'s ("Miller/Howard") Motion to Dismiss Plaintiff Eric Tesler's ("Tesler") Second Amended Complaint. ([Filing No. 42](#).) Tesler, a former employee of Miller/Howard raises multiple claims against Miller/Howard concerning unpaid compensation. ([Filing No. 35](#).) Specifically, Tesler is asserting claims of violation of Indiana's Wage Claim Statute, Ind. Code § 22-2-9 et seq. (Count I); violation of Indiana's Wage Payment Act, Ind. Code § 22-2-5 et seq. (Count II); unjust enrichment (Count III); conversion, Ind. Code § 35-43-4-1 (Count IV); negligence (Count V); breach of fiduciary duty (Count VI), fraud (Count VII) and for breach of contract (Count VIII). For the reasons that follow, the Court **grants in part and denies in part** the Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true. But as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all reasonable inferences in favor of Tesler as the nonmoving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Miller/Howard is a financial investment management corporation that sells securities. On October 27, 2010, Tesler accepted Miller/Howard's offer of employment as a Regional Sales Director, which involved selling management investment portfolios in his assigned geographic area, the "Middle United States." ([Filing No. 35 at 3](#).) Tesler's compensation package included, among other terms: (1) a commission of "25%-10-%-5%-3% ongoing" for each non-institutional account ("SMA") originally opened by Tesler; (2) a commission of "15%-10%-5%" for each institutional account ("UMA") serviced by Tesler; and (3) a 3% "ongoing" trail commission for current accounts "to service existing business in territory." ([Filing No. 1-1 at 3](#).) According to its written Employee Policies, Miller/Howard would pay employees for all earned, accrued, and unused vacation time upon separation of employment. ([Filing No. 35 at 4](#).)

Tesler opened numerous SMA accounts and managed numerous UMA accounts during the course of his employment, which yielded substantial and lucrative management fees for Miller/Howard. ([Filing No. 35 at 4](#).) However, by April 2012, he became concerned that the commission amounts being paid to him were not accurate or consistent with the Terms of Compensation. ([Filing No. 35 at 5](#).) Miller/Howard never explained how Tesler's commission payments were calculated, and Miller/Howard refused his repeated requests for an accounting which would allow him to verify the payments. ([Filing No. 35 at 5](#).) Miller/Howard never provided Tesler with any type of accounting of the fees generated from these accounts, and thereby concealed their true values. ([Filing No. 35 at 4-5](#).)

On March 7, 2014, Tesler's employment was terminated. ([Filing No. 35 at 3](#).) He alleges that Miller/Howard failed to pay him for his unused vacation time, outstanding reimbursable expenses, commissions that were due to him for UMA and SMA accounts, and his ongoing 3% commission. ([Filing No. 35 at 6](#).)

On or about April 14, 2014, Miller/Howard's auditor notified Tesler that due to an "accounting error," he was underpaid for commissions in the third quarter of 2013 in the amount of $2,096.28. ([Filing No. 35 at 6](#).) On or about July 18, 2014, Miller/Howard notified him of another "error" in his commission payments, resulting in an underpayment of $12,389.00 for 2013 and the first quarter of 2014. ([Filing No. 35 at 7](#).) And on July 29, 2014, Miller/Howard provided an amended accounting. ([Filing No. 35 at 7](#).) Tesler alleges that this accounting shows that he was underpaid in the amount of $39,365.25. ([Filing No. 35 at 7](#).) Miller/Howard has refused to pay any of these amounts. ([Filing No. 35 at 7-8](#).)

Miller/Howard continues to refuse to provide Tesler with a complete and accurate accounting of all the management fees earned from SMA or UMA accounts for the fourth quarter of 2010, and for 2011 and 2012. ([Filing No. 35 at 8](#).) Due to Miller/Howard's conduct, Tesler has lost past, present, and future income, vacation benefits, and reimbursement for expenses incurred during his employment; he has suffered damage to his career; and he has incurred additional financial losses, including the costs associated with claiming his unpaid wages. ([Filing No. 35 at 8](#).)

Tesler filed an initial Complaint in this Court on March 21, 2016[1] ([Filing No. 1](#)), and the operative Second Amended Complaint on October 19, 2016, ([Filing No. 35](#)), alleging eight causes of action: violation of Indiana Code Section 22-2-9, the Indiana Wage Claims Act ("IWCA"), violation of Indiana Code Section 22-2-5, the Indiana Wage Payment Act ("IWPA"), unjust enrichment, conversion, negligence, breach of fiduciary duty, fraud, and breach of contract. ([Filing No. 35 at 9-14](#).) Miller/Howard filed a Motion to Dismiss, ([Filing No. 41](#)), raising

---

[1] Tesler identifies this date as March 14, 2016 in his briefing, but the case's docket indicates that the Complaint was filed on March 21, 2016. Absent any allegation the docket entry is in error, the Court adopts the date indicated on the docket.

3

challenges to each of Tesler's eight causes of action.  The Court will address each argument in turn.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Bielanski v. County of Kane*, 550 F.3d at 633 (7th Cir. 2008).  However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.; see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").  The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

---

[2] The parties agree that Tesler's IWPA (Ind. Code § 22-2-5) claim should be dismissed, ([Filing No. 42 at 8](#); [Filing No. 49 at 1](#)), so the Court grants this dismissal without discussion.

4

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

#### A. Indiana Wage Claim Act

Indiana Code § 22-2-9-4 requires an employee who has a claim under the IWCA to exhaust his administrative remedies with the Indiana Department of Labor before filing a lawsuit. *Quimby v. Becovic Mgmt. Grp. Inc.*, 962 N.E.2d 1199, 1200 (Ind. 2012) (the exhaustion "requirement is 'well-settled.'"); *see also, St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) ("Claimants who proceed under [the IWCA] may not file a complaint with the trial court. Rather, the wage claim is submitted to the Indiana Department of Labor.").

Miller/Howard moves to dismiss Tesler's IWCA claim, arguing that he failed to exhaust his administrative remedies as required by Indiana law. (Filing No. 42 at 6.) Tesler responds that he is not required to avail himself of state administrative remedies because exhaustion is not required when doing so would be futile. (Filing No. 49 at 7-8.) Tesler argues that because the amount he is claiming exceeds the $6,000.00 cap imposed by the Department of Labor, any attempt to exhaust his administrative remedies would be futile, because his claim will not be processed. (Filing No. 49 at 8-9.)

This Court has already concluded in similar circumstances that exhaustion is required, despite the fact that the claim exceeded $6,000.00. *See Grass v. Damar Services, Inc.*, 2014 WL 2773027, at *43 (S.D. Ind. 2014) (holding that plaintiff was required exhaust administrative remedies, despite having a claim in excess of $6,000.00, and granting summary judgment to defendant). Tesler has not demonstrated that his circumstances differ from those in *Grass*, and the

Court concludes that Tesler was required to exhaust his administrative remedies. Accordingly, the Court grants Miller/Howard's Motion to Dismiss Tesler's IWCA claim.

### B.     Unjust Enrichment, Negligence, and Breach of Fiduciary Duty

Under Indiana law, "an action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of." Ind. Code § 34-11-2-1; *see Peake v. International Harvester Co.*, 489 N.E.2d 102, 105-06 (Ind. Ct. App. 1986) (concluding that unjust enrichment claims based on unpaid wages were subject to the two-year statute of limitations because "substance prevails over form"); *see also Knutson v. UGS*, 2007 WL 2122192, at *17 (S.D. Ind. 2007) (concluding that plaintiff's unjust enrichment claim was subject to a two-year statute of limitations under Indiana Code § 34-11-2-1); *Veerkamp v. U.S. Security Associates*, 2006 WL 2850020, at *20 (S.D. Ind. 2006) (applying a two-year statute of limitations to plaintiff's claims for wages under different theories because they all related to "the terms, conditions, and privileges of employment"). Tesler does not dispute that a two-year statute of limitations applies to these claims.

Miller/Howard argues that because Tesler was terminated on March 7, 2014 and did not file his initial complaint until March 21, 2016, his claims for unpaid wages are time-barred by the two-year statute of limitations. ([Filing No. 42 at 2](#).) Tesler responds that his Complaint was timely because under Indiana law, his cause of action could not have accrued until, at the earliest, he received his final paycheck. ([Filing No. 49 at 4](#).) According to Tesler, that paycheck would have been paid on March 21, 2014, within a two-year time period. ([Filing No. 49 at 4-5](#).)

6

The Court begins by noting that generally, consideration of a statute of limitations at the motion to dismiss stage is inappropriate. A statute of limitations represents an affirmative defense. Because a plaintiff need not anticipate or allege facts that would defeat affirmative defenses, a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations until summary judgment. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004). However, a court may properly rule on an affirmative defense where the complaint includes all the information necessary to do so. *Id.* Therefore, where "the relevant dates are set forth unambiguously in the complaint," a court may reach a statute of limitations argument on a motion to dismiss. *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).

Here, the Complaint does not allege sufficient facts for the Court to determine when Tesler's claim accrued, and therefore when the statute of limitations began to run. First, Tesler alleges that Miller/Howard calculated the amounts of his commissions, and that it refused to provide him with information about how those amounts were calculated. So it is not apparent that Tesler could have been expected to know or notice from any given paycheck that his commission payments were somehow deficient. It is therefore not clear when Tesler was or should have been on notice that he was owed unpaid commission wages.

Second, even assuming that the statute of limitations began to run on the date that Tesler received his last paycheck, his Amended Complaint does not state the date on which that occurred. Third, and regardless of when Tesler received his final paycheck, it is not clear to the Court from the cases cited that Tesler's claim would have accrued on the date of his last paycheck. While Miller/Howard argues that a separate claim accrues at each pay period in which a person is owed unpaid wages, (and therefore that Tesler's only viable claim would be for wages owed for his last pay period), the only case it cites in support of this proposition involves an IWCA claim—not

7

claims arising under any common law causes of action. ([Filing No. 52 at 6](#).) Miller/Howard does not establish that this accrual rule applies in contexts outside of the IWCA. Tesler also alleges that he was notified by Miller/Howard on at least two, and perhaps on three separate occasions following his termination that he was owed unpaid compensation. Miller/Howard does not address how those notifications affect the accrual of Tesler's claims.

The Court concludes, therefore, that the statute of limitations issue is a fact-dependent inquiry in this case, and the facts alleged do not enable the Court to make a determination as to the application of the statute of limitations. The Court **denies** Miller/Howard's motion to dismiss as to these claims.

**C.** **Conversion**

Under Indiana Code § 35-43-4-3(a), "a person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." I.C. § 35-43-4-3(a). In order for money to be the subject of a conversion action, "it must be capable of being identified as a special chattel," meaning that "the money must be a determinate sum with which the defendant was entrusted to apply to a certain purpose." *Stevens v. Butler*, 639 N.E.2d 662, 666 (Ind. Ct. App. 1994). No action for conversion lies "where there is simply the refusal to pay a debt." *National Fleet Supply, Inc. v. Fairchild*, 450 N.E.2d 1015, 1019 (Ind. Ct. App. 1983).

Miller/Howard argues that under Indiana law, Tesler's claim for unpaid wages does not constitute conversion. ([Filing No. 42 at 10-11](#).) The Court addresses this issue succinctly, because Indiana law is clear on this point. In *Puma v. Hall*, this Court held that the defendants' nonpayment of wages did not constitute conversion. 2009 WL 5068629, at *4 (S.D. Ind. 2009) (granting defendants' motion to dismiss because "the failure to pay an indebted sum of money does not constitute conversion") (citing *Tobin v. Ruman,* 819 N.E.2d 78, 89 (Ind. Ct. App. 2004)

8

(concluding that the wrongful withholding of retained earnings is, at most, a failure to pay a debt, which does not constitute conversion as a matter of law)). Tesler asserts a conversion claim for unpaid wages only, ([Filing No. 35 at 11](#)), and presents no allegations that the monies at issue constitute a determinate sum that Miller/Howard was entrusted to apply to a certain purpose.

Miller/Howard's Motion to Dismiss Tesler's conversion claim is therefore **granted**.

**D.     Breach of Contract**

Miller/Howard moves to dismiss Tesler's breach of contract claim, arguing that the Terms of Compensation document does not constitute an enforceable contract from which a breach of contract claim can be brought. ([Filing No. 42 at 12-17](#).) Tesler argues that the Terms of Compensation document is a valid contract under Indiana law and that partial performance by Miller/Howard proves that a meeting of the minds occurred. ([Filing No. 49 at 12-15](#).)

Tesler has attached a copy of the Terms of Compensation to his Complaint, and both parties refer to it in their briefing regarding the Motion to Dismiss. The Seventh Circuit has taken "a relatively expansive view of the documents that a district court properly may consider in disposing of a motion to dismiss." *Williamson v. Curran,* 714 F.3d 432, 443 (7th Cir. 2013). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012). The Court therefore considers the attached Terms of Compensation in deciding this Motion.

For a contract to be enforceable, it "must be complete in its essential and material terms, and capable of being enforced without adding to its terms." *Wolvos v. Meyer*, 668 N.E.2d 671, 678 (Ind. 1996); *see also, Firestone v. Std. Mgmt. Corp.*, 2005 WL 1606955, at *12 (S.D. Ind.

9

2005) ("it is a fundamental tenet of contract law that 'a contract is unenforceable if it is so indefinite and vague that the material provisions cannot be ascertained'") (quoting *Ewing v. Board of Trustees of Pulaski Memorial Hospital*, 486 N.E.2d 1094, 1098 (Ind. Ct. App. 1985)). Miller/Howard points out that the alleged contract at issue here is short, written in bullet point form, and does not include some terms that Miller/Howard argues are material. However, it contains at least eight material terms regarding Tesler's compensation, including his base salary and the percentages of his commissions. The document includes lines for the signatures of both a Miller/Howard executive and Tesler. A contract need not be written in lengthy prose to be enforceable, and at the motion to dismiss stage, the Court cannot conclude as a matter of law that the attached document cannot constitute a contract.

The Court therefore **denies** Miller/Howard's Motion to Dismiss Tesler's breach of contract claim.

**E.     Fraud**

To maintain a claim of fraud, a plaintiff must allege a material misrepresentation of past or existing facts which: (1) was false; (2) was made with knowledge or reckless ignorance of its falsity; (3) was relied upon by the complaining party; and (4) proximately caused the complaining party's injury. *Dunlap v. Switchboard Apparatus, Inc.*, 2012 WL 1712554, at *22-23 (S.D. Ind. 2012) (citing *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996)). Indiana law is well-settled that actual fraud "may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." *Biberstine v. New York Blower Co.,* 625 N.E.2d 1308, 1315 (Ind. Ct. App. 1993) (citations omitted) (rejecting fraud claim based on representations that plaintiff could keep his stock in the event his employment was terminated because that representation necessarily pertained to a future event); *Heyser v. Noble*

10

*Roman's, Inc.,* 933 N.E.2d 16, 19 (Ind. Ct. App. 2010) ("Actual fraud may not be predicated upon representations of future conduct."). This is even true when, at the time the promise was made, the defendant had "no intention of fulfilling the promise." *Sachs v. Blewett,* 206 Ind. 151, 185 N.E. 856, 858 (Ind. 1933) (citations omitted).

Miller/Howard argues that Tesler's fraud claim should be dismissed because his claim is based only on promises regarding future conduct. ([Filing No. 42 at 11-12](#).) The Court agrees. All of Tesler's claims relate to Miller/Howard's promises to, in the future, compensate Tesler at specified rates. Moreover, Tesler has not alleged how his fraud claim is materially different from his breach of contract claim. They are essentially premised on the same core conduct, resulting in the same injury. Under Indiana law, this fact is fatal to Tesler's claim. *See Dean Kruse Found., Inc. v. Gates,* 932 N.E.2d 763, 768 (Ind. Ct. App. 2010) ("To prevail on a fraud claim, a plaintiff claiming both breach of contract and fraud must prove that the breaching party committed the *separate and independent tort of fraud* and that such fraud *resulted in injury distinct from that resulting from the breach of contract."*) (Emphasis added.)

The Court therefore **grants** Miller/Howard's motion to dismiss the fraud claim.

## IV. CONCLUSION

For the foregoing reasons, Miller/Howard's Motion to Dismiss ([Filing No. 41](#)) is **GRANTED in part** and **DENIED in part**, as follows:

- Miller/Howard's Motion to Dismiss Tesler's Indiana's Wage Claims Act violation (Counts I), Indiana's Wage Payment Act violation (Count II), conversion (Count IV), and fraud (Count VII) claims is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**.

- Miller/Howard's Motion to Dismiss Tesler's claims for unjust enrichment (Count III), negligence (Count V), breach of fiduciary duty (Count VI), and breach of contract (Count VIII) is **DENIED**.

11

**SO ORDERED.**

Date: 7/3/2017

                                                                                             _____
                                                                                             TANYA WALTON PRATT, JUDGE
                                                                                             United States District Court
                                                                                             Southern District of Indiana

DISTRIBUTION:

Jeremy N. Gayed
BARRETT & MCNAGNY LLP
jng@barrettlaw.com

Michael H. Michmerhuizen
BARRETT & MCNAGNY LLP
mhm@barrettlaw.com

Michael A. Clements
CLEMENTS LEGAL GROUP LLC
MAC@CScounsel.com

Melissa K. Taft
JACKSON LEWIS P.C. - Indianapolis
melissa.taft@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS P.C. - Indianapolis
padgettm@jacksonlewis.com