# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC S. TESLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00640-TWP-MPB |
| | ) | |
| MILLER/HOWARD INVESTMENTS, INC., a Delaware Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTION TO RECONSIDER

This matter is before the Court on a Motion to Reconsider the Court's Entry on its Motion for Summary Judgment filed by Defendant Miller/Howard Investments, Inc. ("Miller/Howard") ([Filing No. 118](#)). The Court previously determined that factual disputes precluded summary judgment on Plaintiff Eric S. Tesler's ("Tesler") breach of contract claim, and that claim should be permitted to go to trial ([Filing No. 111](#)). Miller/Howard asks the Court to reconsider its summary judgment entry. For the following reasons, the Court **grants in part and denies in part** Miller/Howard's Motion to Reconsider.

### I.  BACKGROUND

A detailed recitation of the facts of this case is provided in the Court's Entry on Defendant's Motion for Summary Judgment. ([Filing No. 111](#).) The Court provides a brief summary of the facts below.

Tesler was formerly employed as a marketer of financial services for Miller/Howard—a financial management corporation that sells securities. Miller/Howard hired Tesler in October 2010 after recruiting him and negotiating the terms of his employment. Upon the initiation of his employment, Miller/Howard provided Tesler with a document called "Terms of employment and

compensation". ([Filing No. 85-1 at 9](#).) Tesler alleges this document and other documents Miller/Howard provided to him when he was hired constitute a contract obligating Miller/Howard to pay him an "ongoing" 3% commission on accounts he generated while employed there. He asserts Miller/Howard continues to owe him this commission even after his employment ended[1] so long as the accounts he generated remain open. Miller/Howard disputes that it signed a contract with Tesler; it refuses to pay him the 3% commission beyond the termination of his employment.

In March 2016, Tesler brought this action against Miller/Howard seeking to recover the unpaid commissions he alleges to have earned after his employment ended plus some additional money for commissions he contends were improperly calculated during his employment. Tesler's Second Amended Complaint asserts claims for violation of Indiana's Wage Payment Statute, unjust enrichment, conversion, negligence, breach of fiduciary duty, fraud, and breach of contract. ([Filing No. 35](#).) The claims under the Wage Payment Statute and for conversion and fraud were abandoned or dismissed. Miller/Howard moved for summary judgment on all remaining claims. ([Filing No. 84](#).) The Court granted summary judgment on Tesler's claims for unjust enrichment, negligence, and breach of fiduciary duty, but denied Miller/Howard's motion on Tesler's breach of contract claim, leaving that claim to be resolved at trial. ([Filing No. 111](#).) Miller/Howard asks the Court to reconsider that order. ([Filing No. 118](#).)

## II.     LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

---

[1] Tesler was terminated in March 2014.

parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to a motion to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing. *H.E. McGonigal, Inc. v. Harleysville Lakes States Ins. Co.*, 2017 WL 1382764 at *1 (S.D. Ind. April 18, 2017).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded an entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

### III. DISCUSSION

Miller/Howard makes two arguments in support of its Motion to Reconsider. First, it argues that the Court was required to construe the alleged contract as a matter of law. And second, that the Court erred by applying the wrong statute of limitations.

### A. Contract Interpretation as a Matter of Law

Miller/Howard argues that whether a contract existed and, if one did exist what it said, are matters of law that the Court is obligated to decide at the summary judgment stage. The Court disagrees with Miller/Howard's assessment of Indiana law and is not persuaded by its argument.

In Indiana, "[t]he goal of contract interpretation is to ascertain and give effect to the parties' intent as reasonably manifested by the language of the agreement." *Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). Contract interpretation is *often* a matter of law that can be resolved by a court on a paper record because contracts are often unambiguous. The Indiana Supreme Court has recognized that fact, declaring that "matter of contract interpretation are 'particularly well-suited for de novo appellate review,' because they '*generally* present [ ] questions purely of law.'" *In re Indiana State Fair Litigation*, 49 N.E.3d 545, 548 (Ind. 2016) (quoting *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574, 577 (Ind. 2013)) (emphasis added). "A contract may be construed on summary judgment if it 'is not ambiguous or uncertain,' or if 'the contract ambiguity, if one exists, can be resolved without the

4

aid of a factual determination.'" *Id.* (quoting *Warrick County ex rel. Conner v. Hill*, 973 N.E.2d 1138, 1144 (Ind. Ct. App. 2012), *trans. denied*). When a contract contains an ambiguity, and the parties' intent cannot be ascertained without analyzing and balancing facts extrinsic to the contract, "[t]he meaning of a contract is a question for the factfinder, precluding summary judgment." *Id.* (citing *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992)).

Likewise, whether a document even constitutes an enforceable contract is not always a question that can be resolved without the aid of a factfinder. Only "when the facts are undisputed" is the existence of a contract "generally a question of law for the court." *Orr v. Westminster Vill. North, Inc.*, 689 N.E.2d 712, 721 n. 16 (Ind. 1997). As the Court said in its entry on summary judgment, there are unresolved questions of fact in this case, the answers to which would determine whether Miller/Howard should be held to any representations Tracee Cannon-Gordon made on its behalf during her pre-employment negotiations with Tesler. (Filing No. 111 at 11.)

Miller/Howard's Motion to Reconsider does not present a clear picture of how it foresees the Court resolving the ambiguity in the "Terms of compensation and employment" document. In one paragraph, Miller/Howard insists that Indiana law requires the Court to resolve any ambiguity "as a matter of law." In the next paragraph, Miller/Howard states the Court should consider the "submitted evidence," including the "undisputed facts" that Tesler did not have any discussions with Miller/Howard employees about receiving commission after his employment ended, that Tesler had never received commission after leaving a job in the past, and that Miller/Howard has never before paid a former employee continuous commission payments. (Filing No. 119 at 7-8.) Moreover, Miller/Howard acknowledges that countervailing evidence leads to an inference that supports Tesler's theory of the case but argues that its evidence is stronger. Miller/Howard asserts "the Court may weigh the parties' evidence supporting their interpretation of the term 'ongoing'

5

at summary judgment" (*id.* at 9) despite Indiana's clear rule that "weighing [evidence]—no matter how decisively the scales may seem to tip—[is] a matter for trial, not summary judgment." *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014); *see also Klinker v. First Merchs. Bank, N.A.*, 964 N.E.2d 190, 195 (Ind. 2012) ("weighing evidence, judging witness credibility, and drawing reasonable inferences from the facts…are improper in considering a motion for summary judgment"); *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1188 (Ind. 2016) ("cases hinging on disputed material facts are by definition inappropriate for summary judgment, because weighing evidence is 'a matter for trial, not summary judgment'"). In light of the unclear blueprint Miller/Howard offers the Court for a how summary judgment order in its favor would look and Miller/Howard's misstatement of Indiana's summary judgment standard, the Court denies the Motion to Reconsider on these grounds.

### B.    Statute of Limitations

Miller/Howard makes a second argument for reconsideration which is persuasive. In its Motion for Summary Judgment, Miller/Howard argued that Tesler's breach of contract claim is subject Indiana's two-year statute of limitation on "[a]n action relating to the terms, conditions, and privileges of employment except actions based upon a written contract." Ind. Code § 34-11-2-1. The Court rejected that argument, determining that a factfinder could reasonably find that the "Terms of compensation and employment" document was a written contract. In that event, Tesler's breach of contract claim would be properly classified as a claim based on "promissory notes, bills of exchange, or other written contracts for the payment of money," which carries a six-year statute of limitation. Ind. Code § 34-11-2-9.

In its Motion to Reconsider, Miller/Howard directs the Court to *Knutson v. UGS Corp.*, 526 F.3d 339 (7th Cir. 2008). In *Knutson*, the plaintiff brought a diversity suit governed by Indiana

6

law to recover almost $700,000.00 in unpaid sales commissions. The Seventh Circuit found that although the action was based on a written contract, it was not based on an employment contract, but rather, like Tesler's alleged contract, a "written compensation plan."[2] The Seventh Circuit acknowledged that the compensation plan was a written contract, but nevertheless concluded the plaintiff's claim fell under Indiana Code § 34-11-2-1 because:

> In a literal sense, the plaintiff's suit is "based upon a written contract," but the Indiana Court of Appeals has held that "written contract" in the two-year statute of limitations means written *employment* contract." *Kemper v. Warren Petroleum Corp.*, 451 N.E.2d 1115 (Ind.App.1983); see also *United Auto. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705-06, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (Indiana law); *Miller v. International Harvester Co.*, 811 F.2d 1150 (7th Cir.1987) (same); *International Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222, 229-30 (7th Cir. 1986) (same); *State v. Puckett*, 531 N.E.2d 518, 526 (Ind.App. 1988); *Peake v. International Harveser Co.*, 489 N.E.2d 102, 105 (Ind.App.1986). This interpretation makes sense because the terms of the oral employment relation out of which the claim of breach of a separate written contract arises will often be relevant to that claim, making it much like a case in which the contract sued upon is partly written and partly oral. The shorter statute of limitations is applied to such claims, *Michael v. Rainier*, 246 Ind. 293, 205 N.E.2d 543 (1965); *Citizens Progress Co. v. James O. Held & Co.*, 438 N.E.2d 1016, 1021-22 (Ind.App.1982), because they fall outside the justification for the longer statute of limitations applicable to suits on a written contract the justification is that the evidence is unlikely to become stale with time because most contract suits are resolved just by the judge's reading the contract. The difference in treatment between a written contract on the one hand and a part-written, part-oral contract on the other is not entirely clear cut because oral evidence is sometimes admissible in a suit on an entirely written contract, as we shall see; but it makes some sense.

*Knutson* at 340-41. Miller/Howard argues it was a manifest error of law for the Court to apply the Section 9 six-year statute of limitations in light of this precedent. (Filing No. 119 at 10-11.)

The Court agrees with Miller/Howard that it committed a manifest error of law by failing to follow *Knutson*, and Tesler's arguments to the contrary are not persuasive. Tesler misinterprets

---

[2] In Indiana, an *employment* contract must specify "(1) the place of employment; (2) the period of employment; (3) the nature of the services the employee is to render; [and] (4) the compensation the employee is to receive." The "Terms of compensation and employment" document unquestionably does not fit these criteria, and thus, by law, the Court can, and did, rule that it is not an *employment* contract. (Filing No. 111 at 10.)

*Knutson's* holding that a written compensation agreement does not make a breach of contract claim subject to Section 1's "written contract" exception, only an *employment* contract does. *See Green v. DCO Int'l Trading, Inc.*, 2012 WL 13027986 at *4 ("A commission contract that does not satisfy [the four elements required for an employment contract] does not constitute a written employment contract for which the exception to I.C. § 34-11-2-1 applies."). Tesler's assertion that "*Knutson* held a that the two year statute of limitations governs an employment contract" is incorrect. ([Filing No. 122 at 8](#).)

Tesler's second argument, that the statute of limitation begins to run only when a claimant knows, or in the exercise of ordinary diligence should have known, of the injury, is legally correct but irrelevant here. The record reveals that Tesler became suspicious that his commissions were being improperly calculated in April 2012. ([Filing No. 85-3 at 4](#).) He requested from his supervisor at Miller/Howard a detailed accounting of his "commission run" so that he could independently calculate the amount he was owed. *Id.* However, no one at Miller/Howard provided him with that "commission run." *Id.* It is clear that Tesler's breach of contract claim accrued sometime in April 2012, when he knew or could have discovered through due diligence that Miller/Howard was not calculating his commission in accordance with the "Terms of compensation and employment" document. Miller/Howard is correct, the statute of limitation bars Tesler from litigating or collecting damages on breaches that occurred before March 21, 2014.

The consequence of *Knutson's* proper application is not, however, that Tesler's breach of contract claim is barred entirely. The parties agree that, in Indiana, when an obligation is payable in installments, a separate statute of limitations period begins upon each missed installment. ([Filing No. 85 at 25](#); [Filing No. 93 at 26](#) (both citing *Smith v. Beasley*, 504 N.E.2d 1028, 1029 (Ind. Ct. App. 1987))). Thus, because Tesler alleges multiple breaches of his compensation agreement,

8

occurring quarterly since roughly 2012, Indiana law still allows him to seek recovery on breaches that occurred less than two years before he brought this suit. Since he brought the suit on March 21, 2016, Tesler may seek recovery on any breaches that he can prove occurred on March 21, 2014 or afterward.

## IV. CONCLUSION

For the reasons set forth above, Miller/Howard's Motion to Reconsider the Court's Entry on its Motion for Summary Judgment, ([Filing No. 118](Filing No. 118)), is **GRANTED in part and DENIED in part**. It is **granted** in that the Court's Entry on Defendant's Motion for Summary Judgment ([Filing No. 111](Filing No. 111)) is **modified** to reflect that Tesler's breach of contract claim is subject to the two-year statute of limitation period established by Indiana Code § 34-11-2-1, not the six-year statute of limitation period contained in Indiana Code § 34-11-2-9. In all other respects the motion is **denied**.

**SO ORDERED.**

Date: 3/1/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael A. Clements
CLEMENTS LEGAL GROUP LLC
MAC@CScounsel.com

Michael H. Michmerhuizen
BARRETT & MCNAGNY LLP
mhm@barrettlaw.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com