# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC S. TESLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00640-TWP-MPB |
| | ) | |
| MILLER/HOWARD INVESTMENTS, INC., a | ) | |
| Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON PENDING MOTIONS *IN LIMINE*

Before the Court are Defendant Miller/Howard Investments, Inc.'s ("Miller/Howard") First Motion *in Limine* (Filing No. 130) and Second Motion *in Limine* (Filing No. 131). Plaintiff Eric Tesler ("Tesler") has responded to both motions (Filing No. 142; Filing No. 143). For the following reasons, Miller/Howard's First Motion *in Limine* is **DENIED**. Miller/Howard's Second Motion *in Limine* is **GRANTED**.

## I. LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial, so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II. DISCUSSION

The Court's Entry on Defendant's Motion for Summary Judgment recites the facts of this case in detail. ([Filing No. 111](#).) In short, Tesler was employed by Miller/Howard, a financial management corporation that sells securities, between October 2010 and March 2014. Tesler contends that, despite leaving the company, he is entitled to continued commission payments on accounts he generated during his employment there. He brought this suit seeking to recover those payments from Miller/Howard.

While Miller/Howard was recruiting Tesler, Tesler spoke to Tracee Cannon-Gordon, a recruiter employed by a recruiting firm that Miller/Howard had hired to assist in filling the position Tesler applied for. Tesler testified in his deposition that Ms. Cannon-Gordon told him "the way the contract was written [he] would receive those commissions regardless if [he] was employed with Miller/Howard." ([Filing No. 85-2 at 14](#).) Tesler also claimed Ms. Cannon-Gordon told him that "she worked on behalf of Miller/Howard as their agent and brought that to their attention, that they would have to continue to pay commissions whether [Tesler] left the firm or they let [him] go, and they chose not to do anything in regard to the contract." *Id.*

### A. First Motion *in Limine*

In its First Motion *in Limine*, Miller/Howard seeks to prevent Tesler from introducing Ms. Cannon-Gordon's pre-employment representations, arguing they are inadmissible hearsay. Miller/Howard contends that Ms. Cannon-Gordon's statements are not statements of a party-opponent, which are excluded from the definition of hearsay by Federal Rule of Evidence 801(d)(2), because Ms. Cannon-Gordon did not have the authority to negotiate the terms and conditions of Tesler's employment.

Under Rule 801(d)(2)(D), "[a] statement that meets the following conditions is not hearsay: The statement is offered against an opposing party and … was made by the party's agent or employee on a matter within the scope of that relationship while it existed." The rule "simply requires that the statement be made by an individual who is an agent, that the statement be made during the period of the agency, and that the matter be within the subject matter of the agency." *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 622 (7th Cir. 2003).

Miller/Howard argues that the conversation Tesler seeks to introduce was made "outside the scope of [Ms. Cannon-Gordon's] agency," and thus is hearsay. ([Filing No. 130 at 3](#).) Tesler responds that "Ms. Cannon-Gordon was retained to recruit Tesler to Miller Howard. She was aware of the terms of the offer and stated that she had discussed the terms with Miller Howard. She then discussed the terms with Tesler. The terms of employment were part and parcel of her role as an Executive Recruiter and her role on behalf of Miller Howard to recruit Tesler for employment." ([Filing No. 142 at 2](#).)

The Court is persuaded by Tesler's argument. Ms. Cannon-Gordon was an agent of Miller/Howard tasked with recruiting someone to fill its open Regional Sales Director position. The terms of any offer of employment Miller/Howard made to Tesler to fill that role are within the scope of Ms. Cannon-Gordon's relationship to Miller/Howard, and therefore qualify as statements of a party-opponent. It does not matter whether Miller/Howard actually authorized Ms. Cannon-Gordon to discuss or negotiate terms with Tesler because Miller/Howard held her out to be its agent on the matter of the open Regional Sales Director position.

Miller/Howard argues "apparent authority" is insufficient to buttress a statement of a party-opponent, citing *Estate of Gee ex rel. Beeman v. Bloomington Hosp. and Health Care Sys., Inc.*, 2012 WL 729269 at *5 (S.D. Ind. March 6, 2012). In that case, the Court determined that a

statement made by a doctor who was not an employee of the defendant hospital was not a statement of a party-opponent just because the decedent mistakenly thought the doctor was an employee of the hospital. *Id. Estate of Gee* is not analogous to this situation because in *Estate of Gee* the doctor who made the statement had no agency relationship with the defendant at all. Here, both parties agree that Ms. Cannon-Gordon was engaged by Miller/Howard to help fill the open Regional Sales Director position, and that Miller/Howard compensated her for that work. Because an agency relationship existed between Miller/Howard and Ms. Cannon-Gordon, Mrs. Cannon-Gordon's statements were textbook admissions of a party-opponent's agent.

Having found that Ms. Cannon-Gordon's statements are not hearsay under Rule 801(d)(2)(D), the Court need not determine whether Tesler intends to offer them for the truth of the matter asserted. Miller/Howard's First Motion *in Limine* is **denied**.

### B. Second Motion *in Limine*

In its Second Motion *in Limine*, Miller/Howard argues "discussions [Tesler] had with Miller/Howard representatives following his termination" are "inadmissible under Federal Rule of Evidence 408." ([Filing No. 131](#).) Rule 408(a) makes inadmissible any evidence "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and conduct or a statement made during compromise negotiations about the claim…." Miller/Howard argues that discussions occurring between its representatives and Tesler after he was terminated "were made in the context of attempting to negotiate Tesler's severance package, which included his claim that Miller/Howard underpaid him commissions during his employment." ([Filing No. 131](#).) Tesler characterizes Miller/Howard's request as overly broad "because it prohibits all discussions regardless of whether or not they were settlement discussions." ([Filing No. 143 at 1](#).) Tesler also

4

explains that he "does not intend to build his case upon the parties' post-termination settlement discussions." *Id.*

Rule 408 prohibits only evidence dealing with compromise negotiations about the claim. The Court agrees with Tesler that a blanket order prohibiting admission of any post-employment discussions between Tesler and Miller/Howard representatives, regardless of whether they dealt with his severance package, would be overbroad. Accordingly, the Court **grants** Miller/Howard's motion as to any settlement discussions or severance negotiations Tesler had with Miller/Howard representatives following his employment at Miller/Howard. That evidence will not be admitted at trial.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Miller/Howard's First Motion *in Limine* ([Filing No. 130](Filing No. 130)) and **GRANTS** its Second Motion *in Limine* ([Filing No. 131](Filing No. 131)), as to settlement discussions or severance negotiations only. An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of trial, counsel may approach and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 5/13/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael A. Clements
CLEMENTS LEGAL GROUP LLC
MAC@CScounsel.com

Michael H. Michmerhuizen
BARRETT & MCNAGNY LLP
mhm@barrettlaw.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com